UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LITT,                          Case No. 13-12462

        Plaintiff,                        Paul D. Borman
v.                                       United States District Judge

PORTFOLIO RECOVERY ASSOCIATES, LLC,   Michael Hluchaniuk
                                               United States Magistrate Judge
        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**PETITION FOR ATTORNEY FEES (Dkt. 63)**

**I.    PROCEDURAL HISTORY**

Plaintiffs, Karol Litt and Marvin Litt, filed a petition for attorney fees on June 17, 2014.[1] (Dkt. 63, 65). Defendant, Portfolio Recovery Associates (PRA) filed its response on July 15, 2014. (Dkt. 70). This matter was referred to the undersigned for report and recommendation. (Dkt. 66). On August 1, 2014, plaintiffs filed their reply. (Dkt. 82). And, on August 20, plaintiff filed a notice regarding supplemental authority in support of their motion. (Dkt. 92). Pursuant to the direction of the Court, the parties filed their joint statement of resolved and unresolved issues on September 2, 2014. (Dkt. 96). On September 10, 2014, the Court held a hearing, pursuant to notice. (Dkt. 75). This matter is now ready for

---

[1] This motion for attorney fees does not involve the claims of plaintiff Michael Litt, the son of the moving parties.

report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiffs' petition for attorney fees be **GRANTED** in part and **DENIED** in part.

## II. FACTUAL BACKGROUND

Plaintiff Michael Litt filed this action in May 2013 in the small claims court of the 45th Judicial District, Oakland County, Michigan. (Dkt. 1, Ex. A). PRA removed the action to this Court on June 5, 2013. *Id*. On January 2, 2014, plaintiff Michael Litt added two plaintiffs, his parents Marvin and Karol Litt. (Dkt. 30). PRA made a second Offer of Judgment as to Marvin and Karol Litt on March 5, 2014. (Dkt. 46). The terms of the Offer of Judgment are as follows:

> 1. Judgment shall be entered against Defendant in the total amount of $4,000.00 as to Plaintiffs KAROL LITT and MARVIN LITT arising from Plaintiffs KAROL LITT and MARVIN LITT's claims against Defendant as alleged in Plaintiffs' Complaint.
>
> 2. Judgment shall also be entered against Defendant for reasonable attorneys' fees and costs in an amount agreed upon between the parties, and if no agreement can be made, to be determined by the Court. KAROL LITT's and MARVIN LITT's reasonable attorney fees and costs shall be limited to time and amounts expended on their claims in this matter through the date of Plaintiffs, KAROL LITT's and MARVIN LITT's, acceptance of this Offer.
>
> 3. The judgment entered by KAROL LITT and MARVIN LITT in accordance with this Offer is to be in total settlement of any and all claims by and/ or potential

        claims that could have been brought by them in this matter.

4. If Defendant's offer is accepted, KAROL LITT and MARVIN LITT agree to dismiss and release all claims Plaintiffs, KAROL LITT and MARVIN LITT have or could have brought in this action, which arise from the transaction and form the base of KAROL LITT's and MARVIN LITT's claims, including the facts set forth in their pleadings filed in this matter, including any claims for costs, attorney fees, statutory penalties, damages and interest.

5. If KAROL LITT and MARVIN LITT reject this Offer, pursuant to Rule 68, Defendant may seek to recover any additional costs and disbursements incurred in the defense of KAROL LITT's and MARVIN LITT's claims, then accrued at the conclusion of this case, if applicable. Also, KAROL LITT and MARVIN LITT must pay their own costs and attorney fees incurred after making this Offer, as well as the costs of Defendant. *See*, *O'Brien v. City of Greers Ferry*, 873 F.2d 1115, 1120 (8th Cir. 1989).

6. This offer of judgment is made solely for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure and is not to be construed as an admission that Defendant is liable in this action, that Plaintiffs have suffered any damage, or for any other reason.

7. If this offer is not accepted as provided by Rule 68, it shall be deemed withdrawn and evidence thereof shall not be admissible except in the proceeding to determine costs.

(Dkt. 46). Plaintiffs accepted this offer on the evening March 19, 2014, after a settlement conference, which took place on the afternoon of March 19, 2014.

(Dkt. 47).

## III. ANALYSIS AND CONCLUSIONS

While the parties appear to disagree on whether plaintiffs are prevailing parties under the FDCPA, they both agree that plaintiffs are entitled to reasonable attorney fees pursuant to the Offer of Judgment accepted by plaintiff. As explained in *Atallah v. Law Office of Timothy E. Baxter*, *P.C.*, 2013 WL 866477 (E.D. Mich. 2013) (Rosen, C.J.), where the defendant in an FDCPA case makes an offer of judgment and "consent[s] to the entry of a judgment of damages and costs plus 'reasonable attorney's fees as determined by the Court through the date of this offer,'" the language of the offer of judgment essentially tracks the pertinent provision of the FDCPA, "which entitles a prevailing party to recover 'the costs of the action, together with a reasonable attorney's fee as determined by the court.'" *Id.*, quoting 15 U.S.C. § 1692k(a)(3). Thus, it does not really matter, for purposes of plaintiffs' petition, whether plaintiff is determined to be the prevailing party under the FDCPA.

Moreover, the parties agree that the "lodestar" method is the "proper method for determining the amount of reasonable attorney's fees." *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) (citations omitted). This approach involves two steps. First, the court calculates the "lodestar" by multiplying "the hours spent on a case

4

by a reasonable hourly rate of compensation for each attorney involved." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986). Second, the court "may then, within limits, adjust the 'lodestar' to reflect relevant considerations peculiar to the subject litigation." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000), citing *Hensley*, 461 U.S. at 433; *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). Generally, the goal is to award a fee that is adequate to attract competent counsel without creating a windfall for lawyers. *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004); *Reed*, 179 F.3d at 471. Plaintiffs have the burden of documenting the amount of fees they are requesting. *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 617 (6th Cir. 2007).

    A.    <u>Reasonable Hourly Rates</u>

A reasonable hourly rate is generally calculated according to the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 897 (1984). Under Sixth Circuit law, "the 'prevailing market rate' is that rate which lawyers of comparable skill and experience can expect to command within the venue of the court of record, rather than foreign counsel's typical charge for work performed within a geographical area where he maintains his office. . . ." *Adcock-Ladd*, 227 F.3d at 350. The Sixth Circuit has further held that "[t]he appropriate rate . . . is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation."

5

*Sykes v. Anderson*, 419 Fed. Appx. 615, 618 (6th Cir. 2011) (quoting *Gonter*, 510 F.3d at 618 (district court did not abuse its discretion by choosing billing rate that fell about halfway between the parties' requested rates)); *see also Coulter v. Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986) (reviewing 131 attorney fee shifting statutes and noting "[t]he statutes use the words 'reasonable' fees, not 'liberal' fees.  Such fees are different from the prices charged to well-to-do clients by the most noted lawyers and renowned firms in a region.  Under these statutes a renowned lawyer who customarily receives $250 an hour in a field in which competent and experienced lawyers in the region normally receive $85 an hour should be compensated at the lower rate.").

While PRA finds fault with much of the evidence relied on by plaintiffs in supporting the hourly rate, the relevant evidence here is undisputed.  "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n.11; *see also Reed*, 179 F.3d at 472 (the party requesting the fee award bears the burden to produce evidence in support of the rates claimed).  Here, plaintiff's attorney provides a declaration describing his highly specialized practice, limited exclusively to the protection of

6

consumers through litigation under the many federal and state consumer protection statutes. The declaration and CV also sets forth his training, background, experience and skill in this area. (Dkt. 63-2; 63-3). Plaintiff also points out that in *Atallah v. Law Office of Timothy E. Baxter*, *P.C.*, 2013 WL 866477 (E.D. Mich. 2013) (Rosen, C.J.), the Court relied on the State Bar of Michigan's Economics of Law Practice report in awarding a fee of $300 per hour in an FDCPA case, noting that the "median hourly rate charged by attorneys working in the field of consumer law is $300 per hour."

And, the relevant community for comparison is the Eastern District of Michigan. *See Adcock-Ladd*, 227 F.3d at 350 (the "relevant community" is the legal community within the court's territorial jurisdiction). The undersigned notes that Michigan federal courts routinely use the State Bar of Michigan Survey[2] as evidence of a reasonable billing rate in this district. *See Garrett v. Gila LLC*, 2012 WL 6642522, at *4 (E.D. Mich. 2012) (collecting cases); *O'Connor v. Trans Union, LLC*, 2008 WL 4910670, at *6 (E.D. Mich. 2008) ("District courts have relied on the State Bar of Michigan Economics of Law Practice Survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice."). The State Bar Survey provides information regarding attorney

---

[2] The 2014 Survey is available at http://www.michbar.org/pmrc/articles/0000152.pdf.

fees in Michigan based on location, area of practice, and firm size. According to the 2014 Survey, the median billing hourly rate for consumer law attorneys is $335.00, the 75th percentile hourly rate is $400.00, and the 95th percentile rate is $500.00. The median hourly billing rate for attorneys with 16 to 25 years of experience is $269, the 75th percentile hourly billing rate is $350, and the 95th percentile rate is $488. The median rates in specific markets located within the Eastern District of Michigan, including Detroit, Flint, Oakland County, and Macomb County, range from $250-375. In the view of the undersigned, the requested hourly rate of $350 for an attorney of Mr. Anderson's experience and expertise is in line with the median rate for consumer law attorneys in this District and is, therefore, reasonable.

    Plaintiffs request $140 per hour for paralegal fees. PRA disputes the reasonableness of this rate, saying that plaintiffs' counsel previously represented that the paralegal rate was only $90. However, counsel's email, made in the context of attempting to resolve the attorney fee dispute, indicates that a rate of $90 for his paralegal *had been approved* by another court in this district, not necessarily that it was the current billable rate. (Dkt. 70-2). As plaintiffs point out, Courts in this District have approved paralegal fees in the amount of $140 per hour and more. *See Attalah*, *supra*; ($140 per hour paralegal hourly rate approved in FDCPA matter); *see also*, *Dice Corp. v. Bold Technologies Ltd.*, 2014 WL

8

2763618 (E.D. Mich. 2014) (Paralegal hour rate reduced from $170 to $150 in copyright case). Thus, the undersigned finds the rate of $140 to be reasonable.

      B.    <u>Number of Hours Billed</u>

Plaintiffs seek fees for 199.60 hours in attorney time and 28.40 hours in paralegal time. According to the billing records, plaintiffs seek to recover for attorney time billed between June 10, 2013 and March 19, 2014 and paralegal time billed between August 26, 2013 and March 19, 2014. (Dkt. 63-4; 63-5). PRA disputes the reasonableness of the hours expended for a variety of reasons, which will be addressed below. As the Sixth Circuit explained:

> The key requirement for an award of attorney fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation. However, entries may be sufficient even if the description for each entry is not explicitly detailed.

*United States ex rel. Lefan v. Gen. Elec. Co.*, 397 Fed. Appx. 144, 148-49 (6th Cir. 2010). It is plaintiffs' burden to document "the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. "Where documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433. And, where the application for fees is voluminous, the court may order an across-the-board reduction in compensable hours. *See Communities for Equity v. Michigan*

9

*High Sch. Athletic Ass'n*, 2008 WL 906031, at *4 (W.D. Mich. 2008) (citation omitted). While "counsel need not 'record in great detail' each minute he or she spent on an item . . . 'the general subject matter should be identified' [and the billing entries have to be] read in the context of the billing statement as a whole and in conjunction with the timeline of the litigation." *Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 553-54 (6th Cir. 2008).

First, PRA argues that plaintiffs seek recovery for fees incurred before these plaintiffs became parties to this action on January 2, 2014. PRA's offer of judgment applies only to Marvin and Karol Litt. Thus, PRA maintains that any and all fees incurred prior to that date which are unrelated to amending the complaint are not recoverable. According to PRA, plaintiffs' counsel's time records produced in support of the fee petition show 62.3 hours of time spent on tasks prior to January 2, 2014, which are unrelated to amending the complaint to add Marvin and Karol Litt and the paralegal's records show 16.1 total hours prior to January 2, 2014, for tasks unrelated to these plaintiffs. PRA asserts that this time is not recoverable and that counsel's time should be reduced by 62.3 hours (bringing total hours to 137.3) and his paralegal's time should be reduced by 16.1 hours (bringing total hours to 12.3). PRA also points out that plaintiff Michael Litt continues to prosecute this case. Even after January 2, 2014, counsel seeks all fees incurred prosecuting this case, for all three plaintiffs. Therefore, PRA asserts

that the total remaining recoverable time should be reduced by 33%.

Plaintiffs urge the Court to reject PRA's argument because the motion to amend the complaint was filed on October 17, 2013, rendering time from this date forward legitimate. Moreover, on August 29, 2013, PRA produced its account records proving hundreds of calls to Michael Litt and his parents. PRA's own records show 213 calls to Litt's parents. Thus, plaintiff maintains that from August 29, 2013 forward, plaintiff Michael Litt immediately began focusing on this aspect of PRA's violations and requested concurrence in amending his complaint. According to plaintiff, all time after August 29, 2013 counts towards exploring and factually developing the claims in the amended complaint, in the face of constant opposition. Accordingly, plaintiffs propose deducting 16.8 hours from the 199.60 hours originally requested in the fee application representing attorney time spent prior and up to August 29, 2013 before PRA's production of account and call log records relating to the parents.

Attorney fees for pre-complaint investigation and analysis are recoverable. *Moore v. Cycon Enterprises, Inc.*, 2007 WL 2320051, at \*6 (W.D. Mich. 2007), citing *Kuhn v. Unumprovident Corp.*, 2007 WL 446359, at \*3 (D. Ariz. 2007); *Lake v. Schoharie County Comm'r of Soc. Servs.*, 2006 WL 1891141, at \*8 (N.D.N.Y. 2006). At the hearing, plaintiffs' counsel indicated that his clients signed a retained agreement on November 3, 2013. Counsel says that he began

ramping up the investigation into the moving plaintiffs' claims when he received PRA's discovery responses on August 29, 2013. According to the time records, the first draft of the amended complaint was completed on October 11, 2013. (Dkt. 63-4). Thus, counsel began pursuing claims on behalf of the moving plaintiffs sometime between August 29, 2013 and October 11, 2013. In the view of the undersigned, the August 29, 2013 date is a reasonable line of demarcation, given that the investigation into these claims must have begun before the first draft of the amended complaint was prepared and this is the date on which PRA provided the evidence to support the motion for leave to amend the complaint to include these plaintiffs in this matter.

However, the undersigned agrees with PRA that recovery of all the fees is inappropriate, given that Michael Litt's claims remain pending and plainly, some fees were incurred on behalf of Michael Litt, as opposed to the moving plaintiffs. In the view of the undersigned, the claims of the moving plaintiffs should be viewed together as they were not pursued separately such as each of these plaintiffs can reasonably be viewed as occupying one-third of counsel's time and efforts. Thus, it is reasonable to reduce the attorney fees by one-half, instead of one-third as suggested by PRA. After deducting the 16.8 hours of attorney time incurred before August 29, 2013, the undersigned suggests that the fee award be reduced by one-half, reducing the number of attorney hours to 91.4 for a total

attorney fee award of $31,990. Similarly, the paralegal hours, after deducting time spent before August 29, 2013 and being reduced by one-half, total 13.15 hours for a fee award of $1841.

PRA next argue that plaintiffs' counsel spent an excessive amount of time on drafting a response to a motion and drove up the hours expended in this case on unnecessary motion practice. In conjunction with this argument, PRA points out that the motion related to a Rule 30(b)(6) noticed issued months before the moving plaintiffs entered the case and the response was not related to these plaintiffs. The undersigned does not find this argument persuasive for two reasons. The undersigned is not inclined to make judgments about the amount of time an attorney spent preparing a brief, given that the final product may not always reflect the time actually spent on preparation, research, and drafting. In addition, the undersigned has already significantly reduced the number of hours to account for time spent solely on Michael Litt's claims. Similarly, PRA also argues, for a variety of reasons, including duplication of efforts, billing for administrative tasks, unreasonable length of time spent on various tasks, that counsel's hours should be reduced by 15.6 hours and his paralegal's time should be reduced by an additional 2.65 hours. The undersigned concludes that no further reduction in hours is necessary or appropriate. *See Jacobs v. Mancuso*, 825 F.2d 559, 562 (1st Cir. 1987) (In exercising its discretion to reduce the request, the court "is not required

to set forth an hour-by-hour analysis of the fee request."); *In re 'Agent Orange' Product Liability Litigation*, 818 F.2d 226, 237-38 (2d Cir. 1987) ("no item-by-item accounting of the hours disallowed is necessary or desirable"); *Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.*, 776 F.2d 646, 657-58 (7th Cir. 1985); *Shields v. Merchants & Med. Credit Corp.*, 2011 WL 3566485, at *7 (E.D. Mich. 2011) report and recommendation adopted, *Shields v. Merchants & Med. Credit Corp.*, 2011 WL 3648425 (E.D. Mich. 2011).

  C. <u>Costs</u>

 The "FDCPA mandates the award of 'a reasonable attorney's fee' *and costs* to a prevailing party." *Dobina v. Carruthers*, 2010 WL 1796345, at *6 (N.D. Ohio 2010) (emphasis supplied by *Dobina* court), quoting *Dowling v. Litton Loan Servicing LP*, 320 Fed. Appx. 442, 446 (6th Cir. 2009), citing 15 U.S.C. § 1692k(a)(3). As acknowledged by plaintiffs in their reply brief, the Supreme Court has limited reasonable costs recoverable to those enumerated in 28 U.S.C. § 1920. *Dobina*, at *6, citing *Crawford Fitting v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987); *see also Oates v. Oates*, 866 F.2d 203, 206 (6th Cir. 1989). Specifically, 28 U.S.C. § 1920 permits the recovery of the following costs: (1) fees of the court and marshal; (2) fees of the court reporter for all and any part of the stenographic transcription necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers

necessarily obtained for use in the case; (5) docket fees under section 1923 of Title 28; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of Title 28.

Plaintiffs do not explain, however, how the court reporter fees for a deposition that was cancelled before any testimony was taken falls within the scope of § 1920, given that there is no "stenographic transcription necessarily obtained for use in the case." Thus, these costs are disallowed. Moreover, plaintiff offers no authority for the proposition that his "change flight" fees of $400 are encompassed in § 1920. And, costs such as postage and mileage are not taxable pursuant to 28 U.S.C. § 1920 and thus, are not recoverable. *Fura v. Fed. Exp. Corp. Long Term Disability Plan*, 2014 WL 346020, at *3 (E.D. Mich. 2014), citing *King v. Gowdy*, 268 Fed. Appx. 389, 391-92 (6th Cir. 2008). Finally, as explained in *Contract Design Grp., Inc. v. Wayne State Univ.*, 2014 WL 3891675, at *3 (E.D. Mich. 2014), the costs of copying materials that are "necessarily obtained for use in the case are taxable" under § 1920(4) and costs related to "scanning and imaging" of documents are a taxable cost in the Sixth Circuit. *Id.*, citing *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005). Thus, the undersigned suggests that plaintiffs be permitted to recover half of the copying costs sought, but that all other costs be disallowed.

IV.     **RECOMMENDATION**

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiffs' petition for attorney fees and costs be **GRANTED** in part and **DENIED** in part as follows:

| | |
|---|---:|
| Attorney fees: | $31,990 |
| Paralegal fees: | $1841 |
| Costs: | $51.70 |
| Total award: | $33,882.70 |

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 20, 2015                    s/Michael Hluchaniuk
                                        Michael Hluchaniuk
                                        United States Magistrate Judge

### CERTIFICATE OF SERVICE

　　　I certify that on March 20, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                        s/Tammy Hallwood
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov